James D. Pacitti, Esq. (SBN 248696)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 385-1408
jpacitti@consumerlawcenter.com
Attorneys for Plaintiff,
JAMES RIGGI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES RIGGI, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ELTMAN, ELTMAN & COOPER, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**VERIFIED COMPLAINT**

JAMES RIGGI (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against ELTMAN, ELTMAN & COOPER (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Chico, Butte County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiff as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiff.

9. Defendant is a national company located in New York, NY, and conducts business in California.

10. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of California.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called on an almost daily basis, multiple times per day, for a period of months.

13. Defendant contacted Plaintiff from its phone number 866-511-9445.

14. Defendant did not identify itself as a debt collector seeking to collect a debt in all of its communications with Plaintiff.

15. Defendant disclosed information about the alleged debt to Plaintiff's parent's via an automated message.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by disclosing information about the alleged debt to Plaintiff's parents;

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

    d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, JAMES RIGGI respectfully requests judgment be entered against Defendant, ELTMAN, ELTMAN & COOPER, for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

21. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone

to ring repeatedly and continuously so as to annoy Plaintiff;

b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment; and

c. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.* as set forth in paragraph 16 above.

WHEREFORE, Plaintiff, JAMES RIGGI, respectfully requests judgment be entered against Defendant, ELTMAN, ELTMAN & COOPER, for the following:

22. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

23. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES RIGGI, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 11, 2011                    KROHN & MOSS, LTD.

By: /s/ James D. Pacitti  
　　James D. Pacitti  
　　Attorney for Plaintiff

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JAMES RIGGI, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAMES RIGGI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12-2-10                              _____
                                              JAMES RIGGI